UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMER MALKA, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>MERCEDES-BENZ, LLC,<br><br>            Defendant. | Case No. 2:23-cv-1877-CSK<br><br>ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(ECF No. 23) |

Plaintiffs Omer Malka and Karin Ohayon bring this action against Defendant Mercedes-Benz USA, LLC ("Mercedes-Benz USA") for alleged state court violations related to the sale of an allegedly defective Mercedez-Benz automobile.[1] Presently before the Court is Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Def. Mot. (ECF No. 23). An in-person hearing on Defendant's motion was held on September 24, 2024. (ECF No. 32.) Plaintiffs' counsel, attorney Lior Katz, appeared in person. Defendant's counsel, attorney Mehgan Ann Gallagher, failed to appear at the time the matter was called. After being contacted by the Court for her non-appearance, Ms. Gallaher was allowed to appear telephonically for the hearing.[2]

---

[1]     This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the consent of all parties. (ECF Nos. 7-9.)

[2]     The Court addressed the issue of sanctions at the hearing based on defense counsel's failure to appear in person as required. After considering the representations made at the hearing and in defense counsel's declaration submitted after the hearing acknowledging counsel's error and assuring the Court that the error will not be repeated

1

For the reasons that follow, Defendant's motion for judgment on the pleadings is GRANTED. Plaintiffs' Complaint is dismissed in its entirety with leave to amend.

## I. BACKGROUND

### A. Facts[3]

The Complaint alleges that in April 2022, Plaintiffs leased a Mercedes-Benz GT53 bearing the vehicle identification number W1K7X6BB0NA046172 ("Subject Vehicle"), which was manufactured or distributed by Defendant. Compl. ¶ 14 (ECF No. 1-2). With the purchase of the Subject Vehicle, Plaintiffs received an express warranty that Defendant would preserve and maintain the utility and performance of the Subject Vehicle during the length of the warranty period. *Id.* ¶ 15. During the warranty period, the Subject Vehicle contained or developed a defect that resulted in a variety of problems with it. *Id.* ¶ 16. Plaintiffs allege that despite multiple opportunities to service and repair the Subject Vehicle, Defendant has been unable to fix these problems and has failed to replace the Subject Vehicle or make restitution consistent with state law. *Id.* ¶ 17.

### B. Procedural Posture

Plaintiffs originally filed this action in Sacramento County Superior Court on July 14, 2023, asserting the following six causes of action: (1) violation of California Civil Code § 1793.2(d); (2) violation of California Civil Code § 1793.2(b); (3) violation of California Civil Code § 1793.2(a)(3); (4) breach of express written warranty pursuant to California Civil Code §§ 1791.2(a) and 1794; (5) breach of implied warranty of merchantability pursuant to California Civil Code §§ 1791.1 and 1794; and (6) violation of the Tanner Consumer Protection Act pursuant to California Civil Code § 1793.22, *et seq*. Compl. ¶¶ 13-52. On August 31, 2023, Defendant filed an Answer in state court

---

(ECF No. 33), the Court declines to issue sanctions. Counsel is warned that future failures to appear as required will not be excused.

[3]    These facts derive from the Complaint (ECF No. 1-2), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

(ECF No. 1-2), and then removed this action to federal court pursuant to diversity jurisdiction (ECF No. 1). Defendant now moves for judgment on the pleadings with respect to all claims asserted in Plaintiffs' Complaint. Def. Mot. Plaintiffs have filed an opposition and Defendant has filed its reply. Pls. Opp'n (ECF No. 27); Def. Reply (ECF No. 29).

## II. LEGAL STANDARDS

### A. Motion for Judgment on the Pleadings

Under Rule 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A Rule 12(c) motion "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and ... 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). The main difference between these two motions is the timing of the filing. *See Dworkin*, 867 F.2d at 1192. Thus, a motion for judgment on the pleadings should not be granted if the complaint is based on a cognizable legal theory and contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The court limits its review to the content of the pleadings and matters properly subject to judicial notice. *See Intri-Plex Tech., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Courts have discretion to grant leave to amend in conjunction with motions made pursuant to Rule 12(c). *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citation omitted). Generally, leave to amend a complaint is denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

/ / /

## III.    DISCUSSION

Defendant moves for judgment on the pleadings on two main grounds: (1) each of Plaintiffs' causes of action is brought pursuant to California's Song-Beverly Consumer Warranty Act, which does not cover purchases of a used vehicle and Plaintiffs leased a used vehicle; and (2) each of Plaintiffs' claims fail to state a claim upon which relief can be granted. Def. Mot. at 2-3, 8-18. Prior to addressing Defendant's grounds, the Court first addresses Defendant's request for judicial notice, the timing of Defendant's motion, and whether the lease agreement submitted by Defendant in support of its motion for judgment on the pleadings is incorporated by reference in the Complaint.

### A.    Defendant's Request for Judicial Notice

In support of its motion for judgment on the pleadings, Defendant requests that the Court take judicial notice of ten exhibits. (ECF No. 24.) Plaintiffs do not oppose the request. *See* Docket. Defendant's request consists of court orders granting a motion to compel arbitration, motions to dismiss and motions for summary judgment in cases raising claims pursuant to the Song-Beverly Act, California Civil Code §§ 1790, *et seq*. (ECF No. 24.) The request is granted in its entirety. "The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(c). In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201 of the Federal Rules of Evidence. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

### B.    Timing of Defendant's Motion

Plaintiffs argue that Defendant's motion is untimely because the lawsuit has been pending for over a year. Pls. Opp'n at 2-3. The length of time since a lawsuit was filed does not determine whether a motion for judgment on the pleadings pursuant to Rule 12(c) is timely. Rather, a Rule 12(c) motion is appropriate after the "pleadings are closed—but early enough not to delay trial." Here, Defendant has filed its Answer, the

pleadings have closed, and a jury trial is scheduled for September 2, 2025. (ECF No. 25.) Therefore, Defendant's motion meets the timing requirements of Rule 12(c).

### C. Incorporation by Reference

Plaintiffs object to the introduction of Defendant's Declaration filed with its motion for judgment on the pleadings. (ECF No. 28.) In support of its motion, Defendant filed the Declaration of Mehgan Gallagher that includes "a true and correct copy of the lease contract for Plaintiff's lease of the Subject Vehicle." Decl. of Mehgan Gallagher ¶ 2 & Exh. A (ECF No. 23-1). Plaintiff objects to the introduction of the lease agreement, arguing that the Court is bound by the "four-corners" of the Complaint and that the Gallagher Declaration should be stricken in its entirety. Pls. Objection at 2 (ECF No. 28). Plaintiff also raises a variety of evidentiary objections as to the submission of the lease agreement. *Id*. at 2-3.

The doctrine of incorporation by reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A motion for judgment on the pleadings is inappropriate "when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R. Civ. P. 12(d). However, a district court may still "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). And while a district court "may assume the truth of an incorporated document," it is improper "if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. "This admonition is, of course, consistent with the prohibition against

resolving factual disputes at the pleading stage." *Id.*

Plaintiffs argue that the lease agreement should not be incorporated by reference because the Complaint did not attach a copy of the lease agreement or specifically refer to the lease. Pls. Objection at 2. The lease agreement is appropriately incorporated by reference because the Complaint expressly refers to the lease. *See* Compl. ¶¶ 14 ("Plaintiffs leased a 2022 Mercedes-Benz GT53; bearing vehicle identification number W1K7X6BBONA046172"), 35. The lease agreement identifies Plaintiffs as the lessees for a 2022 Mercedes-Benz with the same vehicle identification number expressly alleged in the Complaint. *Compare* Compl. ¶ 14, *with* Gallagher Decl., Exh. A at 1. Plaintiffs also raise evidentiary objections to the lease agreement based on defense counsel's lack of personal knowledge; that the lease agreement is not authenticated and Defendant did not request judicial notice of the lease; and that the lease agreement contains inadmissible hearsay. Pls. Objection at 2-3. But Plaintiffs do not actually argue that the lease agreement proffered by Defendant is not an accurate copy of the original lease agreement of the Subject Vehicle, and conceded at the hearing that the lease agreement is a true and accurate copy. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012) (rejecting objection to incorporation by reference of documents where objection did not address, or cast doubt, as to whether the copies were accurate reproductions of the original documents). Accordingly, the Court rejects Plaintiffs' argument and evidentiary objections.

Though the Court concludes that the lease is properly incorporated by reference in the Complaint, the Court will not draw inferences or take notice of facts in the lease agreement that might reasonably be disputed. Such factual disputes require further factual development, which is inappropriate at the pleading stage. *See Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942 n.1 (9th Cir. 2008) (considering the disability benefits plan documents referenced in the complaint but declining to accept the truth of the plan documents where parties disputed whether it was implemented according to its terms).

**D.      The Song-Beverly Consumer Warranty Act**

California's Song-Beverly Consumer Warranty Act pursuant to California Civil Code §§ 1790, *et seq*., "is a remedial statute designed to protect consumers who have purchased products covered by an express warranty." *Martinez v. Kia Motors Am., Inc.*, 193 Cal. App. 4th 187, 191 (2011). In addition to sales of consumer goods, the Song-Beverly Act applies to leases. Cal. Civ. Code §§ 1791(g)-(i), 1795.4. The Act "regulates warranty terms; imposes service and repair obligations on manufacturers, distributors and retailers who make express warranties; requires disclosure of specified information in express warranties; and broadens a buyer's remedies to include costs, attorney fees and civil penalties." *Nat'l R.V., Inc. v. Foreman*, 34 Cal. App. 4th 1072, 1079 (1995).

1.      <u>Breach of Express Warranty</u>

To plead a claim for breach of express warranty under the Song-Beverly Act, Plaintiffs must show that a "manufacturer or its representative" was "unable to service or repair a new motor vehicle…to conform to the applicable express warranties after a reasonable number of attempts[.]" Cal. Civ. Code § 1793.2. The Song-Beverly Act provides a "refund-or-replacement" remedy for the breach of an express warranty. *See* Cal. Civ. Code § 1793.2(d). The Act defines "new motor vehicle" as, among other things, "a dealer-owned vehicle and a 'demonstrator' or other motor vehicle sold with a manufacturer's new car warranty." Cal. Civ. Code § 1793.22.

Defendant argues Plaintiffs' breach of an express warranty claim necessarily fails because Plaintiffs lack standing to bring this claim because Plaintiffs purchased a used vehicle. Def. Mot. at 8-13. In support of their position, Defendant argues the lease agreement demonstrates Plaintiffs leased a used vehicle without a full new car warranty and that the complaint is devoid of facts alleging the vehicle was a "demonstrator vehicle." *Id*. at 5, 10-13. Plaintiffs argue they do have standing to pursue their claims because the Subject Vehicle is a demonstrator vehicle, which constitutes a new vehicle pursuant to the Song-Beverly Act. Pls. Opp'n at 2, 6. Plaintiffs concede that they did not allege that the Subject Vehicle was a demonstrator vehicle in their Complaint. *Id*. at 7

7

("Plaintiffs were not required to allege that the vehicle was a demonstrator vehicle as part of the allegations in the Complaint. If the Court disagrees, Plaintiffs can easily amend their Complaint to include that language.").

In its present form, the Complaint does not sufficiently allege facts to determine whether Plaintiffs have standing to bring an express warranty claim. See *Velador v. Mercedes-Benz USA, LLC*, 2024 WL 312676, at *5 (C.D. Cal. Jan. 22, 2024) ("Velador does not allege that he purchased a 'new' vehicle and therefore lacks standing to bring these claims.") (granting motion to dismiss); *Jose Alves v. Mercedes-Benz USA, LLC*, 2023 WL 5207492, at *1 (C.D. Cal. July 10, 2023) (granting motion to dismiss with leave to amend "because Plaintiff fails to sufficiently allege that the relevant vehicle is a 'new motor vehicle,' and therefore, Plaintiff fails to demonstrate that the cited [Song-Beverly Warranty Act] provisions apply"). However, because Plaintiffs have presented facts in their opposition that could cure the defect, specifically as to whether the Subject Vehicle falls within the meaning of a new vehicle under the Song-Beverly Act, the Court will grant leave to amend. See Pls. Opp'n. Additionally, Plaintiffs have failed to state a claim for breach of an express warranty. Plaintiffs do not sufficiently allege what the terms of the warranty are, the affiliation of the dealership that sold the Subject Vehicle with Defendant, and whether the vehicle was a demonstrator vehicle that was sold with a manufacturer's express warranty.

The parties argue at length regarding the application of and precedential value of *Rodriguez v. FCA US., LLC*, 77 Cal. App. 5th 209 (2022), which held "that the phrase 'other motor vehicle sold with a manufacturer's new car warranty' in section 1793.22, subdivision (e)(2) does not cover the sale of 'previously owned vehicles with some balance remaining on the manufacturer's express warranty." *Rodriguez v. FCA US., LLC*, 2024 WL 4631069, at *2 (Cal. Oct. 31, 2024). After the hearing on the motion, the California Supreme Court issued a decision affirming the appellate court in *Rodriguez*, see *id*., which moots Plaintiffs' argument regarding its precedential value. See Pls. Opp'n at 7-11. Regardless, the Court need not decide whether the Subject Vehicle falls under

8

*Rodriguez* because the Complaint does not sufficiently allege facts for the Court to make a determination as to whether the Subject Vehicle is a new or used vehicle.

Because Plaintiffs have not sufficiently established they have standing to bring their fourth cause of action for breach of an express warranty, Plaintiffs' claims related to the breach of warranty necessarily fail as well and the Court grants Defendant's motion for judgment on the pleadings as to the: first cause of action for violation of California Civil Code § 1793.2(d), which provides a refund or "replacement" remedy for a breach of an express warranty claim; second cause of action for violation of California Civil Code § 1793.2(b), which requires that where "service or repair" of "goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative"; third cause of action for violation of California Civil Code § 1793.2(a)(3), which provides "[e]very manufacturer of consumer goods sold in this state and for which the manufacturer has made an express warranty shall" "[m]ake available to authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period"; and sixth cause of action for violation of the Tanner Consumer Protection Act, California Civil Code § 1793.22. "[T]he existing definition of a 'new motor vehicle'—'a new motor vehicle which is used or bought for use primarily for personal, family, or household purposes'—was moved from the Song–Beverly Act into the Tanner Act" and the "Song–Beverly Act was amended to incorporate by reference this definition in the Tanner Act." *Park City Servs., Inc. v. Ford Motor Co.*, 144 Cal. App. 4th 295, 305 (2006). In this context, the Court need not separately analyze Plaintiffs' sixth cause of action pursuant to the Tanner Act given Plaintiffs have not sufficiently alleged they meet the definition of a "new motor vehicle" to raise a claim for breach of an express warranty claim.

Therefore, the Court grants Defendant's motion for judgment on the pleadings as to the first, second, third, fourth, and sixth causes of action with leave to amend.

///

### 2. Breach of Implied Warranty

The Song-Beverly Act provides that "every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792. Goods are "merchantable" when they "[a]re fit for the ordinary purposes for which such goods are used." Cal. Civ. Code § 1791.1. "Consumer goods" are defined by the Act to govern "new" products. Cal. Civ. Code § 1791(a). The Act, however, extends it to used goods, and provides that "[i]t shall be the obligation of the distributor or retail seller making express warranties with respect to used consumer goods (and not the original manufacturer, distributor, or retail seller making express warranties with respect to such goods when new) to maintain sufficient service and repair facilities within this state to carry out the terms of such express warranties." Cal. Civ. Code § 1795.5(a).

As indicated above, in its current form, the Complaint does not sufficiently allege whether Plaintiffs' Subject Vehicle constitutes a new vehicle under the Song-Beverly Act. The Complaint fails to establish that Plaintiffs have standing to bring this implied warranty claim for either a new vehicle or a used vehicle pursuant to the Song-Beverly Act. *See* Def. Mot. at 6. However, given Plaintiffs have stated in their opposition that the Subject Vehicle is a "demonstrator" car and therefore qualifies as a new car pursuant to the Act, Pls. Opp'n at 12, the Court will grant leave to amend. The Court therefore grants Defendant's motion for judgment on the pleadings as to Plaintiff's fifth cause of action for breach of implied warranty with leave to amend because the Court finds the defects in the Complaint may be curable through amendment.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is GRANTED. Not later than twenty-one (21) days from the filing of this order, Plaintiffs may, but are not required to, file a First Amended Complaint. If no amended pleading is timely filed, this action will be deemed dismissed with prejudice with no further notice to the parties. At the hearing, both sides confirmed that if the Court granted the motion with

leave to amend, discovery would not need to be re-opened and there would be no impact on other case deadlines.[4]

### ORDER

It is HEREBY ORDERED that:

1. Defendant's motion for judgment on the pleadings (ECF No. 23) is GRANTED;
2. Plaintiffs' Complaint (ECF No. 1-2) is dismissed with leave to amend;
3. Within twenty-one (21) days from the date of this order, Plaintiffs may file a First Amended Complaint consistent with the analysis of this order; and
4. If no amended pleading is timely filed by Plaintiffs, this action will be deemed dismissed with prejudice with no further notice to the parties.

Dated: November 14, 2024

*[signature]*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4,malk1877.23

---

[4] The parties have separately raised and obtained permission to extend the fact discovery deadline limited to completing the deposition of third party Von Housen's Sacramento, doing business as Mercedes Benz of Sacramento. *See* 10/8/2024 Order (ECF No. 36).