UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMER MALKA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ, LLC,<br><br>Defendant. | Case No. 2:23-cv-01877-CSK<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 47) |

Pending before the Court is Defendant Mercedes-Benz USA, LLC's ("Mercedes-Benz USA") motion for summary judgment.[1] (ECF No. 47.) Plaintiffs Omer Malka and Karin Ohayon bring two state law claims for breach of express warranty and breach of implied warranty pursuant to California's Song-Beverly Act. First Amended Complaint ("FAC") (ECF No. 43). Defendant's motion for summary judgment is fully briefed. (ECF Nos. 47, 51, 53, 54.) On July 22, 2025, the Court held an in-person hearing where attorney Meghan Gallagher appeared on behalf of Defendant and Attorney Lior Katz appeared on behalf of Plaintiffs. (ECF No. 22.) For the reasons that follow, the Court GRANTS Defendant's motion for summary judgment.

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 7, 8, 9.)

1

## I. BACKGROUND

### A. Factual Background

On or about April 3, 2022, Plaintiffs leased a 2022 Mercedes-Benz GT53C4 bearing the vehicle identification number W1K7X6BB0NA046172 ("Subject Vehicle"), which was manufactured and/or distributed by Defendant. FAC ¶ 10. The Subject Vehicle was leased to Plaintiffs by non-party Mercedes-Benz of Sacramento. *Id.* At the time of leasing the Subject Vehicle to Plaintiffs, the Subject Vehicle had no prior owners. *Id.* ¶ 15. Plaintiffs were informed that the Subject Vehicle was "dealer-owned" and was used by Mercedez-Benz of Sacramento as a "demonstrator vehicle." *Id.* ¶¶ 13- 15. Plaintiffs allege the Subject Vehicle came with a 48-month, or 50,000 miles, express warranty that was issued by Defendant. *Id.* ¶¶ 10-12. Throughout a two-year period, Plaintiffs allege they began experiencing issues with the Subject Vehicle that resulted in multiple repairs. *Id.* ¶¶ 23-27. Plaintiffs allege the Subject Vehicle continues to have defects that may result in it needing additional repairs and that none of the repair attempts have thus far successfully repaired the Subject Vehicle. *Id.* ¶¶ 28-29. Plaintiffs therefore allege Defendant is required under state law to promptly offer to repurchase or replace the Subject Vehicle after a reasonable number of repair attempts, which Defendant has failed to do. *Id.* ¶ 31.

### B. Procedural Background

Plaintiffs originally filed this action in Sacramento County Superior Court on July 14, 2023 asserting the following six causes of action: (1) violation of California Civil Code § 1793.2(d); (2) violation of California Civil Code § 1793.2(b); (3) violation of California Civil Code § 1793.2(a)(3); (4) breach of express written warranty pursuant to California Civil Code §§ 1791.2(a) and 1794; (5) breach of implied warranty of merchantability pursuant to California Civil Code §§ 1791.1 and 1794; and (6) violation of the Tanner Consumer Protection Act pursuant to California Civil Code § 1793.22, et seq. (ECF No. 1 ¶¶ 13-54.) On August 31, 2023, Defendant filed an Answer in state court (ECF No. 1-2), and subsequently removed this action to federal court pursuant to diversity jurisdiction

(ECF No. 1). On August 5, 2024, Defendant filed a motion for judgment on the pleadings (ECF No. 23), which the Court granted on November 14, 2024, dismissing the Complaint with leave to amend (ECF No. 39). On November 27, 2024, the Court granted the parties' joint stipulation to modify the Court's scheduling order to allow the parties to engage in mediation on February 24, 2025. (ECF Nos. 40, 42.) On December 2, 2024, Plaintiffs filed their FAC alleging two causes of action for breach of express warranty and breach of implied warranty under California's Song-Beverly Act ("SBA") pursuant to California Civil Code §§ 1790, *et seq.* FAC (ECF No. 43). Plaintiffs did not amend to include additional defendants such as Mercedez-Benz of Sacramento. *Id*. Plaintiffs' FAC is the operative complaint in this action and on December 16, 2024, Defendant filed its Answer. (ECF Nos. 43, 44.) On February 24, 2025, the parties engaged in mediation efforts, which were unsuccessful. (ECF No. 46.) On June 2, 2025, Defendant filed this pending motion for summary judgment. Def. MSJ (ECF No. 47).

## II.    LEGAL STANDARDS

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the mov[ing party] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The principal purpose of summary judgment is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Therefore, the "threshold inquiry" is whether there are any factual issues that could reasonably be resolved in favor of either party, or conversely, whether the facts are so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986). Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

In a summary judgment motion, the moving party must inform the court of the

basis for the motion and identify the portion of the record that it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574. 585 (1986). To establish the existence of genuine issue of material fact, the opposing party may not rely upon the allegations or denials of its pleadings, but must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material. *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact might affect the outcome of the suit and a reasonable jury could return a verdict for the opposing party. *See Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). For the moving party to succeed, the court must conclude that no rational trier of fact could find for the opposing party. *Matsushita*, 475 U.S. at 587.

All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). In addition, while a verified complaint may be considered as evidence at the summary judgment stage "if it is based on personal knowledge and if it sets forth the requisite facts with specificity," *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc), an unverified complaint cannot be considered as evidence. *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006) (citing *Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995); *Lew v. Kona Hospital*, 754 F.2d 1420, 1423-24 (9th Cir. 1985)).

### III.   DISCUSSION

Plaintiffs asserts two claims for relief for breach of express and implied warranty pursuant to the SBA against Defendant. FAC ¶¶ 32-60. Defendant moves for summary

judgment on both claims on the grounds that: (1) Plaintiffs lack standing to bring their SBA claims; and (2) Plaintiffs have failed to prove the essential elements of their claims. Def. MSJ. Before turning to the merits, the Court first addresses preliminary issues discussed at the Court's July 22, 2025 hearing and evidentiary objections raised by both Defendant and Plaintiffs.

### A. Preliminary Issues

First, Plaintiffs argue Defendant's motion is untimely as it was filed "on the eve of the deadline to file" dispositive motions and was filed less than 35 days after service and filing of the motion consistent with Local Rule 230. Pls. Opp'n at 1, 13-14 (ECF No. 51). On November 22, 2024, the parties filed a joint stipulation requesting continuation of certain case deadlines to allow the parties to engage in mediation, including continuing the deadline to file dispositive motions and have dispositive motions heard. (ECF Nos. 40, 41.) The Court granted the parties' request on November 27, 2024 to extend the dispositive motion filing deadline to June 2, 2025, and the dispositive motion hearing deadline to July 1, 2025. (ECF Nos. 40, 42.) Defendant timely filed its motion for summary judgment on June 2, 2025, and set it for hearing on July 1, 2025. Def. MSJ. While Plaintiffs are correct that this motion was not noticed under the 35-day timeline of Local Rule 230, this error appears to have been inadvertent and also one that Plaintiffs bear some responsibility for as the parties' <u>joint</u> stipulation set July 1, 2025 as the hearing deadline for a June 2, 2025 motion filing deadline. (*See* ECF No. 40.) Regardless, the error was corrected as the Court reset the hearing for July 8, 2025. (ECF No. 48.) On June 6, 2025, Plaintiffs filed an *ex parte* request to continue the July 8, 2025 hearing to a later date due to unavailability, which the Court granted and reset the hearing date to July 22, 2025. (ECF No. 50.) Defendant's motion is timely. Plaintiffs had an opportunity to respond and did respond to the motion, and any error appears to have been an inadvertent error by both Defendant and Plaintiffs.

Second, Plaintiffs argue Defendant violated the Court's Civil Standing Order by failing to meet and confer 28 days prior to the dispositive motion filing deadline to

5

determine whether the parties intended to file cross motions for summary judgment, therefore depriving Plaintiffs of "being able to timely file a cross motion for summary judgment." Pls. Opp'n at 9. Defendant disagrees, noting that defense counsel raised the issues with Plaintiffs' counsel before filing the motion. Def. Reply at 1 (ECF No. 53.) The requirement to meet and confer before the dispositive motion filing deadline is applicable to both parties. The Court rejects Plaintiffs' argument as it appears that Plaintiffs themselves did not make efforts to meet and confer with Defendant to discuss cross motions for summary judgment, a point Plaintiffs did not contest at the hearing.

### B. Evidentiary Objections

Both parties make several evidentiary objections to various exhibits attached to Defendant's motion for summary judgment and Plaintiffs' opposition, including objections based on lack of foundation, lack of personal knowledge, relevancy, hearsay, and speculation. *See* ECF Nos. 51-3, 51-4, 54. The Court may only consider admissible evidence when ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56. A party may object that the material used to "dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). But, if the evidence could be presented in an admissible form at trial, then the contents may be considered on summary judgment even if the evidence itself is hearsay. *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119-20 (E.D. Cal. 2006).

When the Court cites to evidence that a party has objected to when ruling on the cross-motions for summary judgment, the objection is impliedly overruled. The Court denies as moot objections to any evidence upon which it did not rely. *See Mendoza v. City of Los Angeles*, 2022 WL 19837951, at *9 (C.D. Cal. Dec. 14, 2022).

### C. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment as to Plaintiffs' breach of express and implied warranty claims brought under the SBA. *See* Def. MSJ. The SBA "is a remedial statute designed to protect consumers who have purchased products covered by an express warranty." *Martinez v. Kia Motors Am.*, Inc., 193 Cal. App. 4th 187, 191 (2011);

*see also Rodriguez v. FCA US, LLC*, 17 Cal.5th 189, 200 (2024). A buyer "who is damaged by a failure to comply with any obligation under [the SBA]...may bring an action for the recovery of damages and other legal and equitable relief." Cal. Civ. Code § 1794(a).

### 1. Express Warranty Claim

As to Plaintiffs' first cause of action, "[a] consumer may bring a claim for breach of express warranty against a manufacturer if their vehicle is a "new motor vehicle" as defined in the Song-Beverly Act." *Grismore v. Mercedes-Benz USA, LLC*, 2024 WL 5001469 (9th Cir. Dec. 6, 2024) (affirming summary judgment for defendant car manufacturer on express and implied warranty claims under the SBA for vehicle leased from a non-party dealership) (citing Cal. Civ. Code § 1794(a)). The SBA "defines 'new motor vehicle' to include a new vehicle 'bought or used primarily for personal' purposes as well as 'a dealer-owned vehicle and a 'demonstrator' or other motor vehicle sold with a manufacturer's new car warranty.'" *Rodriguez*, 17 Cal.5th at 195; *see* Cal. Civ. Code § 1793.22(e)(2). The California Supreme Court has made clear that "a motor vehicle purchased with an unexpired manufacturer's new car warranty does not qualify as a 'motor vehicle sold with a manufacturer's new car warranty' under [the SBA]'s definition of 'new motor vehicle' unless the new car warranty was issued with the sale." *Rodriguez*, 17 Cal.5th at 196. Plaintiffs also must prove the following elements for their express warranty claim: "(1) the product had a defect or nonconformity covered by the express warranty; (2) the product was presented to an authorized representative of the manufacturer for repair; and (3) the manufacturer or its representative did not repair the defect or nonconformity after a reasonable number of repair attempts." *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 798–99 (2006).

In their summary judgment motion, Defendant argues Plaintiffs lack standing to bring both of their claims because the Subject Vehicle is not a "new motor vehicle" under the SBA and because Plaintiffs did not receive a new car warranty from Defendant in connection with the sale of the Subject Vehicle. Def. MSJ at 1, 3-4. In opposition,

Plaintiffs argue the Subject Vehicle qualifies as a "new motor vehicle" under the SBA because it was sold as a "demonstrator" vehicle, did not have prior owners, and came with a full warranty at the time of its lease. Pls. Opp'n at 11 (citing *Rodriguez*, 17 Cal.5th at 198-200). Plaintiffs' arguments fail.

Like *Grismore v. Mercedes-Benz USA*, the Subject Vehicle was sold as a pre-owned car without a full new car warranty issued at the time of the sale. *See Grismore*, 710 F. Supp. 3d at 834, *aff'd*, 2024 WL 5001469; *see also Rodriguez*, 17 Cal.5th at 195; *Edwards v. Mercedes-Benz USA, LLC*, 2022 WL 5176869, at *3 (C.D. Cal. Oct. 5, 2022). In *Grismore*, the plaintiff was the first consumer to purchase the vehicle, which had been used by the dealership as a service vehicle. The plaintiff presented the vehicle to the dealership to repair various issues and after the problems continued, subsequently brought a lawsuit against the car manufacturer[2] raising express and implied warranty claims under the SBA. The district court granted summary judgment for the car manufacturer where the lease agreement was entered into with the dealership, the manufacturer was not involved in the lease, and the manufacturer did not provide a new warranty for the used car at the time of the lease.[3] 710 F. Supp. 3d at 834-35. The *Grismore* court explained:

> As part of the evidence in support of its Motion, MBUSA provides a copy of Grismore's lease with MBO, which indicates that the Subject Vehicle was "pre-owned" and that it was not covered by a new or pre-owned warranty. That portion of the contract—which Grismore signed—states that "[i]f the vehicle is pre-owned, it is not covered by a warranty unless indicated by a check in the corresponding block below." None of the following three boxes was checked on the lease: (1) "Remainder of a standard new vehicle warranty from manufacturer; (2) Pre-owned vehicle warranty from manufacturer; or (3) Pre-owned warranty from third-party provider."

*Id*. The Ninth Circuit recently affirmed and expressly rejected the buyer's argument that

---

[2] Defendant Mercedes-Benz USA, LLC was also the defendant car manufacturer in *Grismore*.

[3] Defendant cited to *Grismore* for the first time in its Reply. *See* Def. Reply at 3-4. At the hearing, Plaintiffs responded to *Grismore* and arguments raised in Defendant's Reply.

"pre-owned vehicles sold with a balance remaining on a manufacturer's new-car warranty" qualified as a "new motor vehicle" under the SBA, reasoning that this argument was rejected by the California Supreme Court in *Rodriguez*. 2024 WL 5001469 at *1.

Like *Grismore*, it is undisputed that Defendant manufacturer was not involved in the non-party dealership's sale of the Subject Vehicle to Plaintiff. The Subject Vehicle's lease agreement with the non-party dealership also had a check box marking the Subject Vehicle as "pre-owned." Def. MSJ, Exh. B at 2 (ECF No. 47-4). For the section on the Subject Vehicle's "New and Preowned Vehicle Warranty," the lease agreement does not indicate the Subject Vehicle is covered by a warranty. *Id*. at 4. Section 15 of the lease agreement provides:

> **New and Pre-Owned Vehicle Warranty.** If the vehicle is new, it is covered by a standard new vehicle warranty from the manufacturer. If the vehicle is pre-owned, it is not covered by a warranty unless indicated by a check in the corresponding box below[.]

*Id*. Like *Grismore*, none of the check boxes are marked in this section of the lease, which includes whether a remainder of a standard new vehicle warranty from the manufacturer is provided; whether the pre-owned vehicle warranty from the manufacturer is provided; or whether a pre-owned warranty from another third-party provider is provided. *Id*. The lease agreement, signed by Plaintiffs, clearly identifies that the Subject Vehicle was "pre-owned" and was not "sold with a manufacturer's new car warranty" at the time of the sale. *Rodriguez*, 17 Cal.5th at 195 (quoting California Civil Code § 1793.22(e)(2)); *see also Grismore*, 710 F. Supp. 3d at 834-35.

Furthermore, even if the Subject Vehicle had a balance remaining on the manufacturer's new car warranty,[4] this is not a material fact and insufficient to establish

---

[4] *See* Pls. Opp'n, Exh. 1 at 7-8 (ECF No. 51-2) (Deposition of Defendant's Rule 30(b)(6) expert, Heather Gurocak, testifying the Subject Vehicle was "leased preowned, but it did—so it would have come with the remainder of the new-vehicle limited warranty, which is for four years or 50,000 miles, whichever occurs first[.]"); Def. Response to Request for Admission No. 4 ("Admit the vehicle was leased with the remainder of a new vehicle limited warranty, the terms of which speak for themselves.") (ECF No. 51-2 at

the SBA's "new motor vehicle" requirements because the warranty was not issued at the time of the sale of the Subject Vehicle to Plaintiffs. The California Supreme Court has made clear that an unexpired manufacturer's new car warranty does not qualify as a new car warranty under the SBA unless it was issued at the time of the sale of the Subject Vehicle. *See Rodriguez*, 17 Cal.5th at 195-96; *Grismore*, 2024 WL 5001469 at *1. The FAC is unverified and cannot be considered as evidence at summary judgment. *See Moran*, 447 F.3d at 759-60. In addition, Plaintiffs submitted a declaration from Plaintiff Ohayan, stating that Plaintiffs were told the Subject Vehicle was "new," Plaintiffs did not "notice that the lease agreement provided that the [Subject] Vehicle was pre-owned," and instead, Plaintiffs were told that the Subject Vehicle came with a new car warranty issued by Defendant. Decl. Karin Ohayan ¶¶ 6-11 (ECF No. 51-1). These statements, however, do not create a genuine issue of material fact because they are self-serving and lack supporting, admissible evidence. *See F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."); *Grismore*, 710 F. Supp. 3d at 835-37 (rejecting buyer's self-serving declaration from counsel and buyer's statements that the dealership told the buyer the vehicle was accompanied by a new and full warranty from the manufacturer). Plaintiffs' other arguments and evidence submitted do not create a genuine dispute of material fact. *See Grismore*, 710 F. Supp. 3d at 835-37 (also rejecting buyer's arguments based on Carfax vehicle history report and Vehicle Master Inquiry). Therefore, Plaintiffs cannot recover against Defendant manufacturer on their express warranty claim because the Subject Vehicle is not a "new motor vehicle."

### 2. Implied Warranty Claim

Plaintiffs' second cause of action is for breach of implied warranty under the SBA. FAC ¶¶ 49-60. Under the SBA, "every sale of consumer goods that are sold at retail in

---

86).

this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792. Implied warranties apply to both new and used goods because "'[c]onsumer goods' means any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes." Cal. Civ. Code § 1791(a). Plaintiffs argue that the Subject Vehicle was a new motor vehicle that was accompanied by an implied warranty of merchantability. As described above, this argument fails because the Subject Vehicle was not a new motor vehicle under the SBA.

As a used vehicle, Plaintiffs' implied warranty claim still fails because the SBA "does not create implied warranties against manufacturers for the sale of used consumer goods." *Grismore*, 2024 WL 5001469 at *2 (citing Cal. Civ. Code § 1795.5; *Nunez v. FCA US LLC*, 61 Cal. App. 5th 385, 275 Cal. Rptr. 3d 618, 628 (2021)). California Civil Code § 1795.5 assumes "that the manufacturer and the distributor/retailer are distinct entities." *Nunez*, 61 Cal. App. 5th at 399. Here, Plaintiffs elected not to bring claims against the distributor retailer (the dealership) who sold the Subject Vehicle to Plaintiffs and entered into the lease agreement with Plaintiffs, and there is no evidence that Defendant manufacturer acted as the retailer or distributor or was involved in the lease agreement with Plaintiffs. Therefore, Plaintiffs cannot recover against Defendant manufacturer on their implied warranty claim.

## IV.    CONCLUSION

In conclusion, Plaintiffs' breach of express warranty claim fails because the Subject Vehicle is not a new motor vehicle under the SBA. *See Grismore*, 2024 WL 5001469 at *1-2; *Rodriguez*, 17 Cal.5th at 195-96. Plaintiffs' implied warranty claim fails because the Subject Vehicle is not a new motor vehicle and an implied warranty claim cannot be brought against a manufacturer for the sale of a used vehicle. *See Grismore*, 2024 WL 5001469 at *2. Defendant is therefore entitled to summary judgment on Plaintiffs' claims and the Court declines to address the parties' remaining arguments.

///

IT IS HEREBY ORDERED that:

1. Defendant's motion for summary judgment (ECF No. 51) is GRANTED;
2. Judgment shall be entered in favor of Defendant; and
3. The Clerk of the Court is directed to close this case.

Dated: July 30, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, malk1877.23